UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

OSVALDO BOVES,                           :

                    Plaintiff,           :    18 Civ. 5 (HBP)

        -against-                        :    OPINION
                                              AND ORDER
AARON'S INC.                             :
and DAVID EPRIGHT,
                                         :
                    Defendants.
                                         :
----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/19

        PITMAN, United States Magistrate Judge:

I.    Introduction

            By letter motion dated August 16, 2018 (Docket Item
("D.I.") 66) and motion dated August 30, 2018 (D.I. 69), defen-
dants Aaron's, Inc. ("Aaron's") and David Epright move to (1)
compel arbitration and (2) either dismiss or stay this matter
pending the outcome of the arbitration proceedings.  All parties
have consented to my exercising plenary jurisdiction pursuant to
28 U.S.C. § 636(c).  For the reasons set forth below, defendants'
motion to compel arbitration is granted and the matter is stayed
pending the outcome of the arbitration proceedings.

II.  Facts

    A.  Facts Giving Rise
        to the Present Motion

        This is a diversity action in which plaintiff alleges

that defendants -- his employer and supervisor -- discriminated

against him on the basis of his sexual orientation, in violation

of New York City and New York State law.  The issue raised by the

present motion is whether plaintiff must resolve his claim

through arbitration.

        On March 1, 2017, Aaron's sent an Associate Arbitration

Agreement[1] ("AAA") by email to all employees (Declaration of

David Epright, dated February 26, 2018 (D.I. 27-1) ("Epright

Decl.") ¶ 3).  The AAA provides, in pertinent part,

        **Section 1:  Duty to Arbitrate**

        By signing this Agreement, you and the Company each
        agree that all Claims between you and the Company will
        be exclusively decided by arbitration governed by the
        Federal Arbitration Act before one neutral arbitrator
        and not by a Court or Jury. . . .

                        *       *       *

        **Section 17:  Right to Opt-Out**

        **If you do not wish to be bound by the terms of
        this Agreement, you must opt out by notifying the
        Company in writing, using the Company's designated opt-
        out form.  In order to opt out of the benefits of this
        Agreement, you must fully complete and submit the opt-
        out form within thirty (30) days of the date on which**

    _____

    [1]Aaron's refers to its employees as "associates".

                            2

**the Company published this Agreement to you electroni-
cally (the "Opt-Out Period"). You can access the opt-
out form by clicking:**
http://my.aarons.com/sites/documentcenter/Documents/Aar
on's_Arbitration_Agreement_Opt-Out_Election_Form_pdf
**To be effective, the opt-out form must be signed by
you, dated, it must contain all of the requested infor-
mation in legible print, and it must be postmarked and
sent via traceable mail (e.g., trackable US Mail,
FedEx, UPS, etc.) or delivered via hand delivery within
the Opt-Out Period. Retain proof of sending the opt-
out form via traceable mail for your records.**

\*   \*   \*

        Should you timely opt out as provided in this
paragraph, you will not be subject to any adverse
employment action as a consequence of that decision and
you may pursue available legal remedies without regard
to this Agreement.

**Section 18: Effect of Signing Agreement**

        If you do not opt out of the Agreement as provided
in Section 17, above, you will be bound by its terms,
even if you do not sign it.

(Boldface type in original).

        Defendant's records indicate that a copy of the AAA was

sent to the email box that was then assigned to plaintiff on

March 1, 2017 with the subject line "2017 Associate Policy -

MANDATORY ACTION REQUIRED" (Epright Decl. ¶ 5; Declaration of

Zeina Holwill, dated Aug. 16, 2018, ¶¶ 5-7 ("Holwill Decl."),

annexed to the letter of Joseph N. English, Esq. to the under-

signed, dated Aug. 16, 2018 (D.I. 66)). The body of the email

provided that "All U.S. Company Associates are required to review

and acknowledge (instructions below) the 2017 Associate Policy

3

Manual and the associate Arbitration Agreement . . . before March
31, 2017" (Holwill Decl. ¶ 5). Aaron's electronic records
indicate that the March 1, 2017 email that was sent to the email
assigned to plaintiff, was opened and clicked through (Holwill
Decl. ¶ 7).

Aaron's sent emails to employees, including plaintiff,
reminding them to take action regarding the AAA on March 2, 9, 16
and 23, 2017; Aaron's electronic records indicate that these
emails were sent to the email box that was then assigned to
plaintiff and that they were opened (Holwill Decl. ¶ 9).

Aaron's claims that plaintiff electronically signed the
AAA on March 1, 2017 and, by doing so, agreed to be bound by its
terms (Epright Decl. ¶ 6 & Exh. B thereto). Although plaintiff
initially submitted a declaration in this action stating that he
"didn't remember" signing the AAA, he later submitted a second
declaration stating that "he [is] certain that [he] never signed
any arbitration agreement, nor was [he] asked to do so (Declara-
tion of Osvaldo Boves, dated May 12, 2018, ¶ 1 ("Boves Decl."),
annexed as Exh. C to the Surreply Declaration of Gregory
Antollino, Esq., dated May 13, 2018 (D.I. 46)). Plaintiff claims
that he first saw the AAA during the first half of May 2018
(Boves Decl. ¶ 1). Plaintiff has also submitted a declaration
from another Aaron's employee -- Mikki Townes -- in which she

4

states that she first learned of the AAA at a meeting of Aaron's general managers in December 2017:

> [A]t the December 2017 HR meeting, all of the general managers present were told that we all had agreed to arbitration agreements and that we could not take our cases to court. This surprised everyone, it seemed by people's expressions and reactions, and it certainly did me. I do not remember any agreement entering into arbitration. I have seen the [AAA] and I do not recognize reading it [sic], or seeing it, or ever being notified about anything like this until the December 2017 meeting.

(Declaration of Mikki Townes, dated March 21, 2018, attached as Exh. B to the Declaration of Gregory Antollino, Esq., dated Mar. 23, 2018 (D.I. 37)).

There is no dispute that plaintiff continued to work at Aaron's after March 1, 2017 (Complaint (D.I. 1), ¶¶ 5, 11). In addition, plaintiff makes no claim that he complied with the AAA's opt-out provisions.

## B.  Procedural History

Defendants originally moved to compel arbitration and to dismiss or stay this matter on February 26, 2018. Defendants argued in that motion that plaintiff was bound by the AAA because he signed it electronically. As noted above, plaintiff's initial response to the motion was that he didn't recall signing the AAA. Because plaintiff's lack of recollection was insufficient as a matter of law to create an issue of fact as to whether he signed the AAA, Vardanyan v. Close-Up Int'l, Inc., 315 F. App'x 315, 318

5

(2d Cir. 2009) (summary order) (noting that party's "statement that he does not remember whether he signed the document does not conflict with the testimony and evidence that defendants have submitted about the terms of that agreement"); accord Kutluca v. PQ New York Inc., 266 F. Supp. 3d 691, 701 (S.D.N.Y. 2017) (Broderick, D.J.); Stern v. Espeed, Inc., 06 Civ. 958 (PKC), 2006 WL 2741635 at *2 (S.D.N.Y. Sept. 22, 2006) (Castel, D.J.), I issued an Opinion and Order on July 19, 2018 granting the motion to compel arbitration and staying the matter (Opinion and Order dated July 19, 2018 (D.I. 47)).

Plaintiff's counsel subsequently pointed out that I had overlooked a second declaration from plaintiff in which he stated that he did not sign the AAA. After concluding that this more robust statement from plaintiff was sufficient to create an issue of fact, I vacated my July 19 Opinion and Order and scheduled a summary jury trial on the issue of whether plaintiff had signed the AAA (Order dated July 25, 2018 (D.I. 51)).

However, in their proposed requests to charge, defendants asserted a new theory, namely that plaintiff's receipt of the AAA in conjunction with both his undisputed failure to opt-out of the AAA and his continued employment at Aaron's constituted acceptance of the AAA. Because this theory has been repeatedly accepted by the Court of Appeals for the Second Circuit, Weiss v. Macy's Retail Holdings, Inc., 741 F. App'x 24,

6

27 (2d Cir. 2018) (summary order), citing, inter alia, Manigault v. Macy's East, LLC, 318 F. App'x 6, 8 (2d Cir. 2009) (summary order), and appeared to be dispositive in this case, I concluded that the better course as to permit defendants to make a renewed motion to compel arbitration.

III.   Analysis

A.   Applicable Legal Principles

The Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., (the "FAA") provides that "'[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of [the] contract . . . shall be valid, irrevocable, and enforceable.'" See Nicosia v. Amazon.com, Inc., 834 F.3d 220, 228 (2d Cir. 2016), quoting 9 U.S.C. § 2. Through the FAA, Congress has declared "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). If there is no genuine issue of fact concerning the making of the arbitration agreement or a party's failure to arbitrate and the dispute is within the scope of the arbitration agreement, Section 4 of the FAA requires courts to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Accord AT&T Mobility LLC v. Concepcion, 563 U.S.

333, 344 (2011). Thus, the only issues to be resolved in the present motion are (1) whether the parties entered into a valid arbitration agreement and (2) whether the dispute is within the scope of that arbitration agreement. In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 128 (2d Cir. 2011); Kutluca v. PQ New York Inc., 266 F. Supp. 3d 691, 699 (S.D.N.Y. 2017) (Broderick, D.J.).

Whether the parties entered into an arbitration agreement is controlled by state contract law. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter . . ., courts generally . . . should apply ordinary state-law principles that govern the formation of contracts."); Bell v. Cendant Corp., 293 F.3d 563, 566 (2d Cir. 2002). Under New York law, the party seeking to compel arbitration bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence. Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela, 991 F.2d 42, 46 (2d Cir. 1993); Kutluca v. PQ New York Inc., supra, 266 F. Supp. 3d at 700-01. There is, however, no requirement that the agreement to arbitrate be set forth in a formal, signed writing.

> It is of course "well settled" under New York law that arbitration will not be compelled absent a "clear, explicit and unequivocal agreement to arbitrate." Fiveco, Inc. v. Haber, 11 N.Y.3d 140, 144, 863 N.Y.S.2d 391, 893 N.E.2d 807, (2008)(internal quotation marks omitted). However, "[a] contract may be formed by

8

words or by conduct that demonstrate the parties'
mutual assent." <u>Manigault v. Macy's East, LLC</u>, 318
Fed. App'x 6, 8 (2d Cir. 2009) (citing <u>Beth Israel Med.
Ctr. v. Horizon Blue Cross & Blue Shield of N.J.</u>, 448
F.3d 573, 582 (2d Cir. 2006); <u>Maas v. Cornell Univ.</u>, 94
N.Y.2d 87, 93-94, 699 N.Y.S.2d 716, 721 N.E.2d 966
(1999)). Under New York law, "'[t]he manifestation or
expression of assent necessary to form a contract may
be by word, act, or conduct which evinces the intention
of the parties to contract.' A party's conduct indi-
cates assent when 'he intends to engage in the conduct
and knows or has reason to know that the other party
may infer from his conduct that he assents.'" <u>Leibowitz
v. Cornell Univ.</u>, 584 F.3d 487, 507 (2d Cir. 2009)
(quoting <u>Maffea v. Ippolito</u>, 247 A.D.2d 366, 668
N.Y.S.2d 653, 654 (1998); Restatement (Second) of
Contracts § 19(2)).

<u>Teah v. Macy's Inc.</u>, No. 11-CV-1356 (CBA)(MDG), 2011 WL 6838151

at *4 (E.D.N.Y. Dec. 29, 2011). Courts have repeatedly held that

an employee who continues to work after notice that claims

against the employer will be subject to binding arbitration and

who do not affirmatively opt out of arbitration, have agreed, by

their conduct, to arbitrate any claims against the employer.

<u>Weiss v. Macy's Retail Holdings, Inc.</u>, <u>supra</u>, 741 F. App'x at 27;

<u>DuBois v. Macy's East Inc.</u>, 338 F. App'x 32, 33 (2d Cir. July

2009) (summary order); <u>Manigault v. Macy's East, LLC</u>, <u>supra</u>, 318

F. App'x at 8; <u>Lockette v. Stanley</u>, 18 Civ. 876 (JGK), 2018 WL

4778920 at *4 (S.D.N.Y. Oct. 3, 2018) (Koeltl, D.J.); <u>Pelligrino

v. Morgan Stanley Smith Barney LLC</u>, 17 Civ. 7865 (RA), 2018 WL

2452768 at *3 (S.D.N.Y. May 13, 2018) (Abrams, D.J.); <u>Clearfield

v. HCL America Inc.</u>, 17 Civ. 1933 (JMF), 2017 WL 2600116 at *2

(S.D.N.Y. June 15, 2017) (Furman, D.J.); <u>Teah v. Macy's Inc.</u>, <u>supra</u>, 2011 WL 6838151 at \*4;.

B. Application of the
   Foregoing Principles

For the purpose of resolving the pending motion, I shall assume, without deciding, that plaintiff did not sign the AAA. In addition, plaintiff does not contend that his claims are not covered by the AAA. Thus, the only issue to be resolved is whether he is bound by the AAA.

In support of their claim that plaintiff is bound by the AAA, plaintiff has offered the Declaration of Zeina Holwill, Aaron's Director of Internal Communications (Holwill Decl. at 1). As noted above, she states that the AAA was sent to plaintiff's email account on March 1, 2017 along with an email directing plaintiff and the email's other recipients to review and acknowledge the AAA (Holwill Decl. ¶ 5). Holwill has attached to her declaration printouts from Aaron's online communications platform indicating that the email transmitting the AAA was received by the email account assigned to plaintiff as of March 1, 2017 and opened (Holwill Decl. ¶ 7 & Document designated AARONS000181, annexed as an exhibit to the Holwill Decl.). Aaron's has not produced a copy of the specific email that was received by plaintiff's email account, explaining that his email account was

"disabled" when he was demoted in August 2017 (Holwill Decl. ¶ 10).

Holwill's Declaration and the documentary evidence submitted with it give rise to a presumption that plaintiff received the email. Lockette v. Stanley, supra, 2018 WL 4778920 at *4; Pelligrino v. Morgan Stanley Smith Barney LLC, supra, 2018 WL 2452768 at *3; Clearfield v. HCL America Inc., supra, 2017 WL 2600116 at *2.[2]

Plaintiff has offered nothing to rebut the presumption beyond his own conclusory statement that he did not see the AAA when it was presumptively sent to him in March 2017. Plaintiff's claims of non-receipt are insufficient as a matter of law to rebut the presumption of receipt or to even raise an issue of fact. Manigault v. Macy's East, LLC, supra, 318 F. App'x at 7; Meckel v. Cont'l Res. Co., supra, 758 F.2d at 817; Lockette v. Stanley, supra, 2018 WL 4778920 at *4; Pelligrino v. Morgan Stanley Smith Barney LLC, supra, 2018 WL 2452768 at *3; Couch v. AT&T Servs., Inc., 13-CV-2004 (DRH)(GRB), 2014 WL 7424093 at *6 (E.D.N.Y. Dec. 31, 2014). Plaintiff's submission of Ms. Townes' declaration in which she states that she did not see the AAA

_____

[2]Evidence from the individual who actually pressed the key transmitting the email is not required where, as here, there is evidence as to the defendant's regular course of business. See Meckel v. Cont'l Res. Co., 758 F.2d 811, 817 (2d Cir. 1985), citing Bossuk v. Steinberg, 58 N.Y.2d 916, 919, 447 N.E.2d 56, 58, 460 N.Y.S.2d 509, 510 (1983).

11

prior to December 2017 does not alter this result.  Manigault v.
Macy's East, LLC, supra, 318 F. App'x at 7 ("The evidence offered
by [plaintiff], consisting of her own denial of receipt of the
mailing as well as similar denials by two other employees of
Macy's is insufficient to rebut the presumption that she received
the mailing.").

            Plaintiff raises one final issue which can be quickly
dispatched.  Plaintiff claims that the AAA illegally forced
plaintiff to waive a constitutional right.  This argument fails
both factually and legally.  The AAA not only provides a mecha-
nism for employees to opt out of binding arbitration, it also
provides that no adverse consequences will result from an em-
ployee's opting out second.  Thus, no employees were forced to
agree to arbitration.   Second, because Aarons's is not a state
actor, no constitutional issue would be present even Aaron's made
arbitration compulsory.  Perpetual Sec., Inc. v. Tang, 290 F.3d
132, 137 (2d Cir. 2002); Desiderio v. Nat's Ass'n of Sec. Deal-
ers, Inc., 191 F.3d 198, 206 (2d Cir. 1999).

            Because the evidence creates a presumption that plain-
tiff received the AAA in March 2017 and failed to opt out of it
despite being notified that his failure to opt out would operate
as an acceptance of the AAA, plaintiff agreed to the AAA by his
continuing to work for Aaron's.

IV.  Conclusion

Accordingly, for all the foregoing reasons, defendants'
motion to compel arbitration is granted.  The case is stayed
pending the conclusion of the arbitration proceeding.  The Clerk
of the Court is respectfully requested to close the case on the
active docket of the Court subject to reinstatement depending on
any developments in the arbitration.  The Clerk of the Court is
also respectfully requested to mark Docket Items 66, 69 and 79
closed.

Dared:  New York, New York
        March 14, 2019

                                        SO ORDERED

                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel

13